644

[Crim. No. 7500.    Second Dist., Div. Three.    Mar. 2, 1961.]

THE PEOPLE, Respondent, v. CHARLES H. ROMERO,
Appellant.

Charles H. Romero, in pro. per., for Appellant.

No appearance for Respondent.

THE COURT.—By information Charles H. Romero was accused of burglary. It was alleged that he had served two terms in state prison following convictions of burglary. Trial by jury having been waived, he was convicted in a trial in which he was represented by a deputy public defender and was sentenced to state prison. Although he admitted on cross-examination having suffered the prior convictions they were not otherwise proved and the court made no finding thereon. Under stipulation the trial was upon the evidence received in the preliminary examination and additional evidence received at the trial.[1] Defendant appeals from the judgment, in propria persona.

Defendant requested appointment of counsel on the appeal.

---

[1] A photostat of the oral proceedings in the preliminary examination is contained in the clerk's transcript. This is a decided improvement over the former practice of having those proceedings retyped.

After examining the record we denied the request for the reason that the appeal is obviously devoid of merit. After 30 days' notice given to defendant no brief has been filed.

Defendant was caught red-handed in a burglary. It was proved that at about 2 o'clock p. m., from a residence directly across the street from the Mencer residence, Mrs. Osborne saw defendant carrying a garbage can toward the rear of the Mencer home; advancing to the center of the street, Mrs. Osborne called to defendant, asking him what he was doing; he replied he was the gardener there; shortly afterward she saw defendant return from the rear yard, pick up a paper and return to the rear. Mrs. Osborne telephoned to Miss Mencer. The police were called. Officers Hoiten and Stoddard appeared promptly. Officer Stoddard was stationed at the front of the Mencer home to watch defendant's car, which was parked in front of an adjoining house. Officer Hoiten went to the rear of the house. Through a window he saw defendant standing in a hallway by a small desk, fingering some papers. The officer called to defendant to come to the window; defendant did not respond; the officer then went to the back door, which was unlocked, but was barricaded by a chair against the knob; being unable to enter he ran to the front of the house, where he looked around until he saw Stoddard returning to the house with the defendant. Hoiten testified that the house had been ransacked.

Mrs. Osborne testified that after the officers came she saw defendant running away from the Mencer house. Officer Stoddard testified that while he was examining the car he saw defendant running down the street, followed him, overtook him and placed him under arrest. Defendant was searched and a $20 bill and two $1.00 bills were taken from a pocket.

Miss Mencer testified that when she left home she left $22 or more in a jewel box consisting in part of a $20 bill and "two dollar bills." The money had been taken. In the house were three piggy banks, two of which had been broken open. A paper bag of coins which belonged to Miss Mencer's father had been emptied on the floor.

Defendant, on the stand at the trial, denied having entered the house and testified that the money on his person had been given him by his employer, who was not called as a witness. Officer Hoiten testified that he saw no one other than defendant running in the street.

There were no rulings on the receipt of evidence or on

motions to strike evidence which were adverse to defendant. The case was tried without error; the evidence of defendant's guilt was conclusive.

The judgment is affirmed.